PENSION COMMISSION OF THE POLICE AND FIRE DE-
PARTMENT OF THE CITY OF ATLANTIC CITY, RE-
SPONDENT, v. ATLANTIC CITY FIRE DEPARTMENT
PENSION FUND, APPELLANT.

Submitted March 26, 1923—Decided June 18, 1923.

Apart from the question whether the act of 1920, chapter 160, relat-
ing to police and firemen's pension funds (*held* herein to be ap-
plicable to Atlantic City without adoption by referendum), has
the effect of dissolving the appellant corporation; and apart from
the further question whether the fund in the hands of appellant,
after transfer, should be administered under the provisions of
the said act of 1920 or under the act of 1905 (*Pamph. L.*, *p.*
114), under which appellant was organized, the act of 1920 re-
quires the transfer of the fund itself as from one trustee to
another, and the award of a *mandamus* for that purpose by the
Supreme Court was correct.

On *mandamus* and appeal from the Supreme Court, whose
opinion is reported in 97 *N. J. L.* 117.

For the appellant, *Lewis Starr*.

For the respondent, *Joseph B. Perskie*.

The opinion of the court was delivered by

PARKER, J. The facts and issue in the case are accurately
stated in the opinion of the Supreme Court. We concur in
the view expressed by that court that the denial in the return
to the alternative writ was effectually overcome by the admis-
sions in paragraph 12 of the return, which not only aver the
payment to relator of $9,197.88 by the policemen of Atlantic
City, but also the retention of "other funds in their hands
devoted to the retirement and pension of policemen," speci-
fying them. This plainly indicates the existence of "a fund
for the retirement or pensioning of policemen or firemen, or
either, * * * now in effect," in the language of section 9

MARCH TERM, 1923.                    795

*98 N. J. L.*    Pension Commission, &c., v. Atlantic City, &c.

of the act of 1920, and, of course, that supports the creation of the new organizations under that act without a referendum. This disposes of the first point made on the brief.

The next point made is, the act of 1920 does not indicate an intent to dissolve the appellant corporation. We think its language is quite broad enough to indicate such intent, as section 7 speaks of "all boards or bodies having control of the same," and appellant is clearly a "body" having control of a fund for the retiring and pensioning of members of the fire department. But if we err on this point, this would not lead to a reversal because the *mandamus* is directed, not to the "vacation" of the appellant, but to the transfer of the fund in its hands. Whether the statute has effected a "vacation" is a point not before us in this litigation.

The third point, that the enforcement of the act of 1920 as against the fund in question amounts to the forfeiture and deprivation of vested rights, seems also beside the mark. For present purposes, it may be assumed, without deciding, that the implication deducible from the case of *Pennie* v. *Reis,* 132 *U. S.* 464 (viz., that a fund produced by voluntary contributions is immune from legislation of this kind), protects the moneys called for by the alternative writ, or such part of them as is the proceeds of voluntary contributions, from application in any other manner than that contemplated by the act of 1905, page 114, and its supplements; but the award of a writ to pay over the money is no determination of this question; it is no more than the change of one legislative trustee for another. The question what is to be done with the money after it is transferred, does not press for solution at this time. The question should a writ of peremptory *mandamus* go, requiring appellant to pay over to the proper official of the new body created under the act of 1920, the moneys accumulated under the act of 1905, was answered in the affirmative by the Supreme Court, and we concur in that result for the reasons given above.

The judgment of the Supreme Court on the alternative writ is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.   11.

*For reversal*—None.